UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACKY BROWN,<br><br>             Plaintiff,<br><br>     v.<br><br>D. COX, et al.,<br><br>             Defendants. | No. 2:15-cv-2518-EFB P<br><br>ORDER GRANTING IFP AND SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 and a request for appointment of counsel.

**I.     Request to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

**II.     Request for Appointment of Counsel**

Plaintiff requests the appointment of counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney

1

to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Having considered those factors, the court finds there are no exceptional circumstances in this case.

**III.    Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

/////

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**IV.  Screening Order**

Plaintiff's complaint (ECF No. 1) alleges the following: (1) that defendant Cox violated plaintiff's First Amendment right to speech when he told plaintiff to refrain from shouting "Omaha!" along with the other inmates in the welding shop; (2) that defendant Cox retaliated against plaintiff and violated plaintiff's due process rights when he issued a rules violation report against plaintiff for battery on a peace officer even though defendant Cox could not identify the inmates responsible for the battery; (3) that defendants Martines and Davis violated plaintiff's Fifth Amendment right against self-incrimination when they interviewed plaintiff as part of their investigation of the rules violation report; (4) that defendants McVey and Shirley violated plaintiff's due process rights when they deferred the Institutional Classification Committee's review of the rules violation report; and (5) that defendant Mahoney violated plaintiff's First Amendment right to exercise freedom of religion when he denied plaintiff access to his religious beads and cross while temporarily housed in administrative segregation. Under the applicable standards discussed below, these allegations are either not sufficient to state a proper claim for relief or are improperly joined. To proceed, plaintiff must file an amended complaint.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.

*See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a First Amendment free speech claim, plaintiff must plead that his speech was constitutionally protected, that defendant's actions would chill an ordinary person from continuing with the speech, and that defendant's actions were motivated by the speech. *Mendocino Environmental Center v. Mendocino County*, 192 F.3d 1283, 1300-1301 (9th Cir. 1999). Protests and complaints that involve a direct confrontation with prison officials enjoy limited constitutional protection because such behavior may present the danger of a disturbance. *See, e.g., Lockett v. Suardini*, 526 F.3d 866, 874 (6th Cir. 2008) (prisoner's act of calling hearing officer a "foul and corrupted bitch" not protected speech); *Smith v. Mosley*, 532 F.3d 1270, 1277 (11th Cir. 2008) (prisoner's "false and insubordinate remarks" not protected speech). A California Department of Corrections and Rehabilitation regulation explicitly prohibits such potentially disruptive behavior and/or speech:

> Inmates, parolees and employees will not openly display disrespect or contempt for others in any manner intended to or reasonably likely to disrupt orderly operations within the institutions or to incite or provoke violence.

Cal. Code Regs. tit. 15, § 3004(b). "When a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safely*, 482 U.S. at 89 (1987); *see also Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994) (prison officials have a strong interest in "preserving institutional order and discipline.").

Here, plaintiff claims that defendant Cox violated his First Amendment right to speech when Cox told him not to say "Omaha!" in the welding shop. ECF No. 1 at 3, 19 (Ex. A). The incident report (which is attached to the complaint) and is referenced by plaintiff in his allegations demonstrates that the inmates' shouting of "Omaha!" was part of a larger disturbance in the welding shop. According to the report, about twenty inmates shouted "Omaha!" in unison when

Cox entered the welding area. When Cox inquired as to its meaning, an inmate told him it was "none of [his] business." Thereafter, one of the inmates intentionally bumped into Cox, and the other inmates in the classroom began laughing and yelling out derogatory comments directed at Cox. Under these circumstances, plaintiff has not shown that he was engaged in protected speech or that Cox's instructions to plaintiff were not reasonably related to a legitimate penological purpose. Accordingly, the complaint fails to state a First Amendment free speech claim.

To state a viable First Amendment retaliation claim, a prisoner must allege five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). If plaintiff intends to assert a retaliation claim, he must specifically identify the protected conduct at issue, name the defendant who took adverse action against him, and plead that the allegedly adverse action was taken "because of" plaintiff's protected conduct. In this case, the complaint does not show that plaintiff was engaged in protected conduct or that Cox took any adverse action against plaintiff because of any protected conduct.

Plaintiff also alleges that Cox's issuance of the rules violation report, and defendants McVey and Shirley's response to the rules violation report, deprived him of due process. To state a claim for violation of the right to procedural due process, plaintiff must allege facts showing: "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003). In the context of a disciplinary proceeding where a liberty interest is at stake, due process requires that "some evidence" support the disciplinary decision. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). The inmate must also receive: "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Id.* at 454 (citing *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974). The complaint fails to state a due process claim

because the allegations do not show that plaintiff was deprived of any constitutionally guaranteed procedural protections in connection with the rules violation report.

Plaintiff also claims that his right against self-incrimination was violated. The Fifth Amendment provides that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." U.S. CONST., amend. V. The Fifth Amendment "can be asserted in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory; and it protects against any disclosures which the witness reasonably believes could be used in a criminal or could lead to other evidence that might be so used." *United States v. Bodwell*, 66 F.3d 1000, 1001 (9th Cir. 1995) (quotations and citation omitted). Plaintiff's allegations do not show that his right against self-incrimination was implicated, or that any statements of his were used against him in a criminal proceeding.

Plaintiff also claims that defendant Mahoney violated his First Amendment right to the free exercise of his religion. The Free Exercise Clause of the First Amendment provides, "Congress shall make no law . . . prohibiting the free exercise" of religion. U.S. CONST., amend. I. Only those beliefs that are sincerely held and religious in nature are entitled to constitutional protection. *See Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008) (plaintiff must show that the activity is both "sincerely held" and "rooted in religious belief"). An inmate's right to exercise religious practices, "may be curtailed in order to achieve legitimate correctional goals or to maintain prison security." *McElyea v. Babbitt*, 833 F.2d 196, 197 (9th Cir. 1987) (per curiam). Four factors are relevant in determining whether a prison regulation impermissibly infringes on an inmate's constitutional rights: (1) whether there is a "valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it"; (2) "whether there are alternative means of exercising the right that remain open to prison inmates"; (3) "the impact accommodation of the asserted constitutional right will have on guards and other inmates and on the allocation of prison resources generally"; and (4) the "absence of ready alternatives." *Turner v. Safley*, 482 U.S. 78, 89-90 (1987) (internal quotations omitted). Plaintiff's vague and conclusory allegations fail to state a claim for relief under these standards. Such a claim is also not sufficiently related to the other claims asserted in this action, as they involve discrete events

1   that do not arise out the same occurrence *and* involve a common question of law or fact.[1]  *See*

2   Fed. R. Civ. P. 20(a)(2).  Unrelated claims must be pursued in separate actions.

3         For these reasons, the complaint is dismissed with leave to amend.  Plaintiff will be

4   granted leave to file an amended complaint, if he can allege a cognizable legal theory against a

5   proper defendant and sufficient facts in support of that cognizable legal theory.  *Lopez v. Smith*,

6   203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*) (district courts must afford pro se litigants an

7   opportunity to amend to correct any deficiency in their complaints).  Should plaintiff choose to

8   file an amended complaint, the amended complaint shall clearly set forth the claims and

9   allegations against each defendant.  Any amended complaint must cure the deficiencies identified

10  above and also adhere to the following requirements:

11        Any amended complaint must identify as a defendant only persons who personally

12  participated in a substantial way in depriving him of a federal constitutional right.  *Johnson v.*

13  *Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a

14  constitutional right if he does an act, participates in another's act or omits to perform an act he is

15  legally required to do that causes the alleged deprivation).

16        It must also contain a caption including the names of all defendants.  Fed. R. Civ. P. 10(a).

17        Plaintiff may not change the nature of this suit by alleging new, unrelated claims.  *George*

18  *v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

19        Any amended complaint must be written or typed so that it so that it is complete in itself

20  without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended

21  complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

---

[1] A plaintiff may properly assert multiple claims against a single defendant. Fed. Rule Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants must be pursued in separate lawsuits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees – for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *Id.*

earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. L.R. 110.

### V. Summary of Order

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 6) is granted.
2. Plaintiff's request for appointment of counsel (ECF No. 2) is denied.
3. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.
4. The complaint is dismissed with leave to amend within 30 days. The amended complaint must bear the docket number assigned to this case and be titled "Third Amended Complaint." Failure to comply with this order will result in dismissal of this action for failure to prosecute.

Dated: August 18, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE