UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JACKY BROWN,

        Plaintiff,

   v.

D. COX, et al.,

        Defendants.

No. 2:15-cv-2518-EFB P

ORDER DISMISSING ACTION PURSUANT TO 28 U.S.C. § 1915A

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.[1] After a dismissal pursuant to 28 U.S.C. § 1915A (ECF No. 8), he has filed an amended complaint (ECF No. 13) which must be screened.

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

/////

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

1

The court has reviewed plaintiff's amended complaint pursuant to § 1915A and concludes that it must be dismissed without further leave to amend. Like the original complaint, the amended complaint concerns defendant correctional officer Cox's response to plaintiff and other inmates shouting "Omaha!" when Cox entered the welding shop. According to plaintiff, he and his classmates were instructed to shout "Omaha!" in order to alert others that sparks might be flying. ECF No. 13 at 3. Defendant Cox, however, believed that shouting "Omaha!" was a means of alerting other inmates that staff was present. *Id.* at 3, 3B. Plaintiff claims that Cox violated his First Amendment right to free speech when Cox told plaintiff not to say "Omaha!" when he entered the shop. Plaintiff also alleges that Cox retaliated against him in violation of the First Amendment when he "wrote plaintiff up for battery on a peace officer because plaintiff shouted 'Omaha!'"[2] The court previously informed plaintiff of the legal standards applicable to his intended claims for relief:

> To state a First Amendment free speech claim, plaintiff must plead that his speech was constitutionally protected, that defendant's actions would chill an ordinary person from continuing with the speech, and that defendant's actions were motivated by the speech. *Mendocino Environmental Center v. Mendocino County*, 192 F.3d 1283, 1300-1301 (9th Cir. 1999). Protests and complaints that involve a direct confrontation with prison officials enjoy limited constitutional protection because such behavior may present the danger of a disturbance. *See, e.g., Lockett v. Suardini*, 526 F.3d 866, 874 (6th Cir. 2008) (prisoner's act of calling hearing officer a "foul and corrupted bitch" not protected speech); *Smith v. Mosley*, 532 F.3d 1270, 1277 (11th Cir. 2008) (prisoner's "false and insubordinate remarks" not protected speech). A California Department of Corrections and Rehabilitation regulation explicitly prohibits such potentially disruptive behavior and/or speech:
>
>> Inmates, parolees and employees will not openly display disrespect or contempt for others in any manner intended to or reasonably likely to disrupt orderly operations within the institutions or to incite or provoke violence.

---

[2] The amended complaint also alleges that "[a]s a direct result of being falsely written up by Cox for battery on a peace officer, the punitive segregation property officer did not give me my religious beads and cross which are needed to do a service to my Neterian Faith." ECF No. 13 at 3B. To the extent that plaintiff is intending to assert a claim of religious discrimination against an unidentified defendant, the court notes that unknown persons cannot be served with process until they are identified by their real names and the court will not investigate the names and identities of unnamed defendants.

2

Cal. Code Regs. tit. 15, § 3004(b). "When a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safely*, 482 U.S. at 89 (1987); *see also Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994) (prison officials have a strong interest in "preserving institutional order and discipline.").

* * *

To state a viable First Amendment retaliation claim, a prisoner must allege five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

ECF No. 8 at 4-5.

Once again plaintiff's allegations fail to meet these standards and his amended complaint fails to state a claim upon which relief could be granted. According to the amended complaint, Cox believed that shouting "Omaha!" was a means of alerting other inmates to the presence of staff. *See* ECF No. 13 at 3 ("It is customary for CSP-Solano Correctional Officers to discipline inmates outside of the California Code of Regulations who alert other inmates that staff are present"), 3B ("Cox expressed his personal belief that 'an inmate cannot alert other inmates staff is present'"). Thus, by plaintiff's own allegations, Cox's prohibition of plaintiff's speech was reasonably related to the legitimate correctional goal of preserving institutional order and discipline. Taking plaintiff's allegations as true, Cox's accusation was motivated by this legitimate correctional goal and the amended complaint fails to state a cognizable First Amendment claim against defendant Cox.

Despite notice of the complaint's deficiencies and an opportunity to amend, plaintiff is unable to state a cognizable claim for relief and this action will be dismissed without further leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely."); *see also Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to

amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

Accordingly, IT IS HEREBY ORDERED that the amended complaint (ECF No. 13) is dismissed without further leave to amend and the Clerk is directed to close the case.

DATED: October 3, 2017.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE